IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MALLOY,<br>404 N. Essex Ave.<br>Narberth, PA  19072<br>　　　　　　　PLAINTIFF<br><br>vs.<br><br>PENTEC HEALTH INC.,<br>4 Creek Parkway<br>Boothwyn, PA  19061<br>　　　　　　　DEFENDANT | CIVIL ACTION NO. _____<br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff John Malloy by and through his attorneys, Stradley Ronon Stevens & Young, LLP, hereby files the following Complaint ("Complaint").

### NATURE OF CLAIM

1.  This action is filed pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 201 et seq., as amended ("FLSA"); the Pennsylvania Minimum Wage Act, 42 Pa. C. S. 333.101, as amended ("PMWA"); and the Pennsylvania Wage Payment and Collection Law, 43 Pa. C. S. 260.1, et seq., as amended ("WPCL").

### JURISDICTIONAL STATEMENT

2.  This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. 1331 and supplemental jurisdiction over the Pennsylvania state law claims under the PMWA and the WPCL pursuant to 28 U.S.C. § 1367.

### VENUE

3.  This action properly lies in the Eastern District of Pennsylvania, pursuant to 29 U.S.C. § 1391(b) because the claim arose in this judicial district.

4. Venue in the Eastern District of Pennsylvania is also authorized pursuant to 42 U.S.C. § 2000(e) et seq.

## PARTIES

5. Plaintiff John Malloy is an adult individual and a resident of Montgomery County, Pennsylvania.

6. Defendant PENTEC HEALTH INC. ("PENTEC") is an entity specializing in specialty infusion products with a place of business at 4 Creek Parkway, Boothwyn, PA 19061.

7. At all times material hereto, Defendant PENTEC employed more than fifteen people.

8. At all times material hereto, Defendant PENTEC acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant PENTEC's business.

9. At all times relevant hereto, Defendant PENTEC acted as an "employer" within the meaning of the laws at issue in this suit and is accordingly subject to the provisions of said laws.

10. At all times relevant hereto, Plaintiff John Malloy was an "employee" of Defendant PENTEC within the meaning of the laws at issue in this suit and is accordingly entitled to the protections of said laws.

## FACTS

11. Mr. Malloy was hired by PENTEC with the title of Systems Analyst 2005. Mr. Malloy's title and duties changed during his employment. His most recent title was Supervisor of Customer Care.

12. Mr. Malloy was laid off October 1, 2009 due to restructuring.

13. During his employment with PENTEC, Mr. Malloy performed his job duties in an excellent manner and received above average performance evaluations.

14. During certain times of his employment with PENTEC, Mr. Malloy was erroneously classified as an "exempt" employee and was paid on a salary basis.

15. In fact, during those times Mr. Malloy should have been classified as non-exempt, as Mr. Malloy's position lacked managerial authority and lacked significant discretionary authority. Moreover, Mr. Malloy did not supervise other employees or have authority to hire or fire other employees.

16. During Mr. Malloy's employment with PENTEC, Mr. Malloy regularly worked a substantial number of hours over 40 hours per week.

17. For example, Mr. Malloy worked 10-11 hours per day, would frequently work through lunch or not eat lunch at all, and worked numerous hours on call during nights and weekends.

18. PENTEC management was aware of Mr. Malloy's overtime work.

19. PENTEC management knew or should have known Mr. Malloy was entitled to overtime pay.

20. Defendant PENTEC failed to pay Mr. Malloy earned overtime wages in violation of the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Law.

## COUNT I - FAIR LABOR STANDARDS ACT

21. Paragraphs 1 to 20 are incorporated herein as if set forth in full.

22. During the course of his employment with PENTEC, Plaintiff John Malloy was an employee within the meaning of 29 U.S.C. 203(e)(1).

23. Defendant PENTEC is an employer within the meaning of the FLSA.

24. During the course of Plaintiff John Malloy's employment with PENTEC, Defendant PENTEC was engaged in interstate commerce and had annual gross annual revenues exceeding $500,000.

25. Mr. Malloy is owed overtime wages from his work at PENTEC.

26. Defendant PENTEC failed to comply with the provisions of 29 U.S.C. 207 of the FLSA by failing to pay Plaintiff Malloy time and one-half of his regular rate for hours worked in excess of forty (40) hours per week.

27. Defendant PENTEC failed to compensate Mr. Malloy at the rate of one and one-half times his hourly rate for hours worked in excess of forty (40) in a workweek.

28. Defendant's acts were willful, as Defendant PENTEC knew or should have known of the FLSA's requirements.

29. Defendant's actions violated the overtime provisions of the FLSA.

WHEREFORE, Plaintiff John Malloy respectfully requests that this Court enter judgment in his favor against Defendant PENTEC for (1) all amounts of overtime wages that Plaintiff should have received under the FLSA but for Defendant's violation of his rights; (2) liquidated damages as provided under the FLSA; (3) punitive damages; (4) reasonable attorneys' fees, interest and costs; (5) and any other relief, which the Court deems appropriate.

## COUNT II - PENNSYLVANIA MINIMUM WAGE ACT

30. Paragraphs 1 to 29 are incorporated herein as if set forth in full.

31. During the course of his employment with PENTEC, Plaintiff John Malloy was an employee within the meaning of the PMWA.

32. Plaintiff John Malloy is a party to whom overtime wages are owed.

33. Defendant PENTEC is an employer within the meaning of PMWA.

34. Defendant PENTEC failed to compensate Mr. Malloy at the rate of one and one-half times his hourly rate for all hours worked in excess of forty (40) in a workweek.

35. Defendant PENTEC failed to comply with the provisions of the PMWA by failing to pay Mr. Malloy time and one-half of his regular rate for hours worked in excess of forty (40) hours per week.

36. Defendant's acts were willful, as Defendant PENTEC knew or should have known of the PMWA's requirements.

37. Defendant's acts violated the overtime provisions of the PMWA.

WHEREFORE, Plaintiff John Malloy respectfully requests that this Court enter judgment in his favor against Defendant PENTEC for (1) all amounts of overtime wages that Plaintiff should have received under the PMWA but for Defendant's violation of his rights; (2) reasonable attorneys' fees, interest and costs; (3) and any other relief, which the Court deems appropriate.

**COUNT III -PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**

38. Paragraphs 1 through 37 are incorporated herein as though set forth in full.

39. Defendant PENTEC is an employer within the meaning of 43 Pa. C. S. 260.2a of the WPCL.

40. Defendant PENTEC willfully failed to pay Plaintiff Malloy wages earned as defined by the WPCL during the course of his employment within the time limits prescribed by the WPCL.

41. Following the termination of Plaintiffs employment, Defendant PENTEC willfully failed to pay Plaintiff wages earned within the time limits prescribed by the WPCL.

L # 1040920 v.1

42. The wages earned by Mr. Malloy but not paid by Defendant PENTEC include overtime wages.

43. Plaintiff John Malloy has been damaged as result of Defendant PENTEC's failure to pay wages due.

44. Defendant PENTEC has failed to pay wages due for a period in excess of thirty (30) days beyond regularly scheduled paydays.

WHEREFORE, Plaintiff John Malloy respectfully requests that this Court enter judgment in his favor against Defendant PENTEC for (1) all amounts of overtime wages that Plaintiff should have received; (2) liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of wages due; (3) reasonable attorneys' fees, interest and costs; (4) and any other relief which the Court deems appropriate.

## **PRAYER FOR RELIEF**

45. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

WHEREFORE, Plaintiff John Malloy respectfully requests that this Court enter judgment in his favor and against the Defendant:

    a. Declaring that the acts and practices complained of herein are in violation of the Fair Labor Standards Act;

    b. Declaring that the acts and practices complained of herein are in violation of the Pennsylvania Minimum Wage Act;

    c. Declaring that the acts and practices complained of herein are in violation of the Pennsylvania Wage Payment and Collection Law;

    d. Awarding overdue overtime wages to Plaintiff;

    e. Awarding punitive damages to Plaintiff;

  f.  Awarding liquidated damages to Plaintiff;

  g.  Awarding Plaintiff costs of this action together with reasonable attorneys' fees;

  h.  Awarding Plaintiff such other damages as are appropriate under the Fair Labor Standards Act; the Pennsylvania Minimum Wage Act; the Pennsylvania Wage Payment and Collection Law or as requested elsewhere herein; and

  i.  Granting such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff John Malloy hereby demands trial by jury as to all issues so triable.

            _____
            Sandra A. Girifalco, Esquire
            Attorney I.D. No. 32602
            Stradley Ronon Stevens & Young, LLP
            2600 One Commerce Square
            Philadelphia, PA  19103-7098
            (215) 564-8000

            Attorneys for Plaintiff
            John Malloy

DATE:  December 15, 2009

L # 1040920 v.1